IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BEVERLY WEST**                                                               **PLAINTIFF**

V.                            CASE NO. 3:19-CV-03054

**JUDGE DALE RAMSEY and**
**THIRD JUDICIAL DISTRICT COURT**                                             **DEFENDANTS**

## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP.

### I. BACKGROUND

Plaintiff filed her Complaint on July 16, 2019. On July 17, 2019, the Court entered Orders directing her to provide a completed IFP application and an Amended Complaint. (Docs. 6, 7). Plaintiff did so on August 7, 2019. (Docs. 8, 9). Plaintiff was granted IFP status on August 8, 2019.

Plaintiff brings her claims in both this and her underlying state court case as a "sovereign citizen." (Doc. 8 at 16-18, 28-29, 32). In her Amended Complaint, Plaintiff alleges her Fourteenth Amendment Due Process rights were violated "in open court, and following court" on May 4, 2018. *Id.* at 3-4. Specifically, Plaintiff alleges that Judge Dale Ramsey instructed his clerks to stop accepting paperwork from her. *Id.* at 4. Plaintiff alleges this denied her access to the court. *Id.* at 5. With her Complaint, Plaintiff attached a district court session worksheet and an Order signed by Judge Ramsey on May 4, 2018. The worksheet indicated that Plaintiff's state case involved a traffic charge for

1

disregarding a stop sign. *Id.* at 37. The Order stated that Plaintiff's self-styled "Judgment" filed in that case was not granted because it was "out of order," and there was "no basis under Arkansas Law or the Arkansas Rules of Criminal Procedure for the filing of a 'Counterclaim' in a traffic case." *Id.* at 38.

Plaintiff also alleges these actions violated her rights under "18 U.S.C. § 242; color of law" by not granting her counterclaim. *Id.* at 4. Plaintiff proceeds against the Third Judicial District Court in its official capacity only. She fails to indicate the capacity in which she proceeds against Defendant Ramsey. *Id.* at 2. She seeks compensatory and punitive damages. *Id.* at 5.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

2

## III. DISCUSSION

### A. Judge Dale Ramsey

Judge Ramsey, a Carroll County District Court Judge,[1] is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations and documents attached to the Amended Complaint that neither situation applies here. Plaintiff's claims against Defendant Ramsey are subject to dismissal.

### B. Third Judicial District Court

A District Court is not a person or a legal entity subject to suit under § 1983. *See, e.g., Harris v. Missouri Ct. of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (a court is not a "person" within the meaning of the Civil Rights Act.). "Likewise, courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment." *Id.* Plaintiff's claims against the Arkansas Third Judicial District Court are subject to dismissal.

---

[1] Plaintiff identified this Defendant as an Arkansas State District Judge. Research by the Court confirmed his state judicial position. https://www.arcourts.gov/content/judge-berryville-departmentcarroll (last accessed Aug. 9, 2019).

3

### C. 28 U.S.C. § 242 Claim

18 U.S.C. § 242 defines a criminal offense. There is no private cause of action under this statute. *See, e.g., Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17 (D.D.C. 2003) (observing that 18 U.S.C. §§ 242 and 371 are criminal statutes and provide no private cause of action). Plaintiff is, therefore, precluded from bringing any claims under this statute.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that Plaintiff's IFP status is **REVOKED** and any pending motions **DENIED**.

**IT IS SO ORDERED** on this 15th day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE